E-FILED
Friday, 16 July, 2010   04:43:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

James K. Vance et al.,

  Plaintiffs,

  vs.                                                                                                     No. 08-3176

Carol Adams et al.,

  Defendants.

<u>Order Granting Summary Judgment</u>

      The plaintiff pursues claims for deliberate indifference to his serious medical needs, and for discrimination in the provision of medical care because of the plaintiff's religion.

      On February 26, 2010, the defendants filed for summary judgment. The plaintiff was sent a Rule 56 notice warning him that failure to respond would result in admission of the motions. (d/e 37). On March 19, 2010, the plaintiff filed an emergency motion asking for an extension of time, in order to get the declarations he needed to oppose summary judgment. The court granted that motion, giving the plaintiff until April 30, 2010, to file his response. (3/23/10 text order). But the plaintiff never filed his response, nor did he ask for more time to do so. On July 1, 2010, the plaintiff filed a letter stating that he had not heard anything about the case, and requesting a status.

      Central District of Illinois Local Rule 7.1(D)(2) provides that ". . .[F]ailure to respond shall be deemed an admission of the motion [for summary judgment]." Additionally, the plaintiff was warned that the defendants' statement of facts would be accepted as true if the plaintiff failed to submit evidence to contradict those statements. Rule 56 Notice, d/e 58; *See also Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003), *quoting Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)( . . . "[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission. . . ." (citation omitted)).

      The plaintiff's letter requesting the status of his case does not excuse his failure to file any response to the summary judgment motions, which have been pending for nearly five months. He does not ask for an extension to file a response or explain why he did not file a response. Nor is any good cause shown on this record for his failure to respond.

      Accordingly, the court deems the motions for summary judgment admitted pursuant to Local Rule 7.1(D)(2). The motions show that the defendants were not deliberately indifferent to any of the plaintiff's serious medical needs, nor were their actions motivated by an intent to

discriminate against the plaintiff because of his religion. Summary judgment will therefore be granted to defendants.

    IT IS THEREFORE ORDERED:

1) The defendants' motions for summary judgment are granted (d/e's 33, 34, 36). The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

2) If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Entered this 16th Day of July, 2010.

                                       **\s\Harold A. Baker**

                                       HAROLD A. BAKER
                           UNITED STATES DISTRICT JUDGE